IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR HAYMES, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-5409 |
| | : | |
| RON NARDOLILLO, et al. | : | |
| Defendant | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                           **March 31, 2008**

On December 8, 2006, Lamar Haymes filed a *pro se* civil rights lawsuit challenging the conditions of his imprisonment. On February 12, 2007, defendants jointly moved to dismiss the complaint under Rule 12(b)(6) or for summary judgment under Rule 56(c). The Prisoner Civil Rights Panel attempted to appoint Mr. Haymes counsel on three separate occasions. Two attorneys did not accept Mr. Haymes case and a third attorney accepted the case and then withdrew his representation. Mr. Haymes is currently representing himself and responded to the defendants' Motion to Dismiss on March 10, 2008. I will dismiss the majority of Mr. Haymes' claims and allow only his excessive force claims to proceed.

**I.      BACKGROUND**[1]

Mr. Haymes has been incarcerated at the George W. Hill Correctional Facility ("GWHCF") since 2005 and alleges the following violations of his constitutional rights.

---

[1] The facts are taken from the complaint and are accepted as true for the purposes of this motion.

Mr. Haymes is an African-American Muslim. He claims the prison has violated his First Amendment right to free exercise and his Fourteenth Amendment equal protection right by: preventing him from attending a Friday prayer service; refusing to provide a Friday prayer service on his unit; refusing to appoint someone of Islamic faith to lead prayers and services. The prison also refused to permit Mr. Haymes to be housed on Unit 10, where he would be permitted to have recreation time and attend religious services.

GWHCF has denied Mr. Haymes his right of access to the courts. The prison has denied Mr. Haymes physical access to the law library. Mr. Haymes has asked the prison to not file any court documents without his consent and return his legal work to him in a timely fashion. Chris Convoy, the law librarian, has tried to provoke Mr. Haymes. Mr. Haymes has lost legal work and has filed frivolous motions because he could not research the topics he wanted to argue. A law librarian also prematurely filed one of his motions, without Mr. Haymes' consent, which exposed one of his intended strategies. Mr. Haymes is forced "to place his legal materials in the hands of inmates who are not trained in criminal law."

The prison has denied Mr. Haymes adequate medical and dental care in violation of the Eighth Amendment. Mr. Haymes has waited five months for dental treatment. Dr. Jermaine reduced his pain medication after Mr. Haymes had oral surgery. Mr. Haymes is never seen when he makes a medical request. Mr. Haymes also never received a

requested M.R.I. on his right shoulder.

The prison violated the Eighth Amendment by forcing Mr. Haymes to be housed on the same unit as his co-defendant. Mr. Haymes has complained a number of times that his co-defendant has tried to obstruct justice by offering to pay individuals "to repeat to criminal investigation division information that he has either told them or written down for them."

GWHCF violated Mr. Haymes' right to due process and equal protection under the Fourteenth Amendment by refusing to allow him to be housed on Unit 10 for maximum security inmates. Inmates on Unit 10 do not wear handcuffs, go to recreation and school together, have a gym and a television. GWHCF has also refused to provide him with a shoe pass. GWHCF has also denied him the two hours of recreation time to which he is entitled.

GWHCF violated Mr. Haymes' Eighth and Fourteenth Amendment rights by restricting his visiting privileges as punishment for bad behavior, even though the inmate handbook states that contact visits cannot be suspended as a form of punishment. Defendants Holm and Gannon put Mr. Haymes in the main visitation room shackled in a "black box,"[2] and made him sit like that with his family.

Mr. Haymes also makes the following allegations concerning acts by individual defendants that violated his rights under the Eighth and Fourteenth Amendments. Lt. S.

---

[2] A black box is a restrictive device that secures the inmate's handcuffed hands to a chain around his waist in order to prevent the inmate from flailing his arms.

Kendall removed and destroyed Mr. Haymes' personal property; forced him to wear a "black box," fabricated reports against him and called him names.  Kendall conspired with Captain Dawn Waters, Captain Earl Boyer, Lieutenant Phillip Carter, Deputy Warden Matthew Holm and Major Chad McCullough to place Mr. Haymes in a four-point restraint and leave him in a padded room used for storage.  Instead of escorting Mr. Haymes to medical, defendants Waters, Boyer, Carter and Kendall shackled him with the "black box" and placed him in a padded room for several hours and told him they were placing him in the room for his behavior.  Sgt. Joanne Abt allowed her personal feelings about Mr. Haymes and his criminal charges to interfere with her professionalism; for example, Abt refused to reduce his sentence in disciplinary segregation for good behavior, which she has done for other inmates.  Deputy Warden Matthew Holm made verbal threats against Mr. Haymes.  Dawn Waters falsified a suicide threat and this resulted in Mr. Haymes being clothed in a suicide shroud.

On December 13, 2006, Mr. Haymes sued nearly twenty employees of GWHCF for violations of his civil rights.  On February 12, 2007, defendants moved to dismiss Mr. Haymes' complaint for failure to state a claim upon which relief can be granted or alternatively, for summary judgment.  Mr. Haymes responded in opposition on March 10, 2008.  At this stage of the proceeding, relying upon the pleadings, I will rule on the defendant's motion to dismiss.

## II.     STANDARD FOR A MOTION TO DISMISS

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of a complaint. Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). The court may grant a motion to dismiss only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id. See also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984). In considering a Rule 12 (b)(6) motion, we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A plaintiff, however, must plead specific factual allegations. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).

When a plaintiff proceeds *pro se*, a court is required to construe the complaint liberally and hold it to a less stringent standard because it is not drafted by an attorney. Lindsay v. Dunleavy, 177 F. Supp. 2d 398, 401 (E.D. Pa. 2001) (citing Estelle v. Gamble,

429 U.S. 97, 106 (1976), Haines v. Kerner, 404 U.S. 519, 521 (1972)). The court has an additional duty under several federal statutes to review civil complaints filed by prisoners against a government entity and dismiss any portion of the complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who can assert immunity. See 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

### III. DISCUSSION

Imprisonment does not deprive inmates of constitutional protections "[b]ut at the same time the Constitution sometimes permits greater restriction of such rights in a prison than it would allow elsewhere." Beard v. Banks, 126 S.Ct. 2572, 2577-78 (U.S. 2006). Section 1983[3] provides a remedy when a constitutionally protected right has been violated under the color of state law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the violation of a right secured by the Constitution, and (2) that the constitutional deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although defendants are clearly state actors, they argue that Mr. Haymes' constitutional rights have not been violated.

#### A. Failure to Exhaust Administrative Remedies

---

[3] Section 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust a correctional facility's administrative remedies before he can initiate a Section 1983 action in federal court challenging conditions at the facility.  The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983) or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available have been exhausted." 42 U.S.C. § 1997e(a).  Failure to exhaust administrative remedies is an affirmative defense to be pled and proven by the defendant. Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002).

Defendants acknowledge that Mr. Haymes has filed over twenty formal grievances.  They argue that all of his claims, except the access to courts claims, should be dismissed because he failed to exhaust his administrative remedies by filing appeals. Mr. Haymes, however, contends that he filed appeals for thirteen of his grievances but never received a final decision.  Since Mr. Haymes alleges that he filed appeals, this is not a basis for dismissing his claims.

    **B.**    **First Amendment Free Exercise**

The Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb et seq. ("RFRA"), is the standard courts use to evaluate restrictions on free exercise rights.  To establish a violation of this right, a plaintiff must show: "that a governmental [action] burdens the adherent's practice of his or her religion by pressuring him or her to commit an act

forbidden by the religion or by preventing him or her from engaging in conduct or having a religious experience which the faith mandates. This interference must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." Boone v. Leham, No. 93-5074, 1994 U.S. Dist. LEXIS 10027 (E.D. Pa. Jul. 21, 1994).

Mr. Haymes complains that the prison will not let him attend a prayer service and refuses to appoint someone of the Islamic faith to lead prayers and services. While this is an inconvenience, it does not constitute a substantial burden on his faith and is related to the security risk Mr. Haymes poses. Mr. Haymes does not allege the prison has interfered with alternative ways of practicing his religion. The prison has not denied Mr. Haymes access to religious books and materials or prohibited him from worshiping on his own. The defendant's motion to dismiss Mr. Haymes' First Amendment Free Exercise claim is granted.

### C.   Right to Access Court Claim

Prisoners have a constitutional right of access to the courts. Bieregu v. Reno, 59 F.3d 1445, 1453 (3d Cir. 1995) (*citing* Bounds v. Smith, 430 U.S. 817, 821 (1977)). However, Mr. Haymes' claim fails to satisfy the actual injury requirement. Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997). The Court held that to pursue a claim of denial of access to the courts an inmate must allege actual injury–that the prison's action hindered his efforts to pursue a non-frivolous legal

8

claim." Lewis v. Casey, 518 U.S. 343, 351 (1996); Jones v. Brown, 461 F.3d 353, 359 n. 6 (3d Cir. 2006) (affirming the actual injury requirement for access to court claims). Specifically, a complaint alleging an access to court claim must plead the merits of the underlying claim that the plaintiff has been denied access to with specificity in order to survive a Rule 12(b)(6) motion to dismiss. Christopher v. Harbury, 536 U.S. 403, 415-17 (2002). The plaintiff must allege "the underlying cause of action and its lost remedy" in the complaint in order to give fair notice to the defendant. Id. at 416.

Mr. Haymes fails to allege with specificity what court claims he has lost, and therefore fails to meet the pleading standard established by the Court in Christopher. Mr. Haymes also complains that he has been denied physical access to the library. Defendants argue that this is because Mr. Haymes is a high security risk inmate. The prison has established a satellite book paging system for inmates who are denied physical access to request and receive legal materials. The Third Circuit has determined that satellite programs do not deprive prisoners in segregated units of their right of access to the courts. Abdul-Akbar v. Watson, 4 F.3d 195, 204 (3d Cir. 1993). Mr. Haymes' access to courts claims are clearly foreclosed. I will grant the defendant's motion to dismiss Mr. Haymes right to access the court claim.

    **D.    Eighth Amendment Deliberate Indifference to Medical Needs**

While deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment because inmates rely on prison authorities to care for and treat their

9

medical problems, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Instead, "to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105-06 (citations omitted). Medical decisions about how to treat a patient do not represent cruel and unusual punishment, although they may represent medical malpractice, which could be litigated in a state court. Id. at 107.

Mr. Haymes alleges that he waited five months for dental treatment; he did not receive an MRI; and his pain medication was reduced after oral surgery. These delays do not rise to the level of deliberate indifference and are not necessarily considered serious medical needs given Mr. Haymes healthy condition. Mr. Haymes' allegations do not support a deliberate indifference claim. The defendant's motion to dismiss is granted.

### E.  Eighth and Fourteenth Amendment Violations of Individual Defendants

The majority of these allegations allege excessive use of force. The central question when evaluating an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). To determine whether a corrections officer has used excessive force, courts must examine: "(1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of

injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." Id. (quoting Whitley v. Albers, 475 U.S. 312, 322 (1986)).

Since the excessive force test looks at the context within which the force is applied, it is hard to dismiss these claims at this stage in the proceeding even though it is likely that guards applied force to maintain and restore discipline. Mr. Haymes alleges that he was forced to wear a "black box," placed in a four-point restraint, left in a padded room as punishment and had his personal property destroyed. Construing the complaint liberally and drawing all reasonable inferences in favor of the plaintiff, Mr. Haymes excessive force claims must proceed. I will deny the defendant's motion to dismiss Mr. Haymes' excessive force claims.

**F.     Mr. Haymes' Remaining Claims**

Many of Mr. Haymes remaining allegations against individual defendants do not state a constitutional claim. Mr. Haymes claims that Sgt. Joanne Abt did not reduce his sentence for good behavior as she did for other individuals. He also claims that officers have threatened him verbally on several occasions. Finally, Mr. Haymes claims that Captain Dawn Waters[4] has violated his rights by falsifying reports in order to have him placed in a suicide shroud. Each of these claim are dismissed for they do not state a

---

[4] Captain Dawn Waters is not a named defendant in this case.

constitutional ground upon which Mr. Haymes would be entitled to relief.

The rest of Mr. Haymes' complaint include allegations of treatment that fall within the parameter of typical restrictions of liberty within a prison or do not rise to the level of a constitutional violation.  These claims include: being housed on the same unit as his co-defendant; refusing to house Mr. Haymes on Unit 10; restricting visitation rights; and denying Haymes a shoe pass and recreational time.  None of these conditions either singularly or in combination rise to the level of constitutional inadequacy.  See, e.g., Gibson v. Lynch, 652 F.2d 348, 352 (C.A. Pa. 1981).  I will grant the defendant's motion to dismiss these remaining claims because they do not amount to a violation of the Eighth Amendment.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMAR HAYMES,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-5409 |
| | : | |
| **RON NARDOLILLO, et al.** | : | |
| Defendant | : | |

## ORDER

**STENGEL, J.**

**AND NOW**, this 31st day of March, 2008, upon consideration of defendant's Motion to Dismiss (Document #13) and the plaintiff's response thereto, it is hereby **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. All claims are hereby dismissed except for the plaintiff's excessive force claims pursuant to the accompanying memorandum.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.